UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-14-09880-MWF (JPRx)                    Date:  May 11, 2015
Title:     Kimco Staffing Services, Inc. -v- Wolverine World Wide, Inc., et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):**   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR REIMBURSEMENT OF WORKERS' COMPENSATION BENEFITS IN WHOLE OR IN PART [26], AND DENYING DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF'S AMENDED COMPLAINT FOR REIMBURSEMENT OF WORKERS' COMPENSATION BENEFITS [27]

Before the Court are the Motion to Dismiss Plaintiff's Amended Complaint for Reimbursement of Workers' Compensation Benefits in Whole or in Part (Docket No. 26), and the Motion to Strike Portions of Plaintiff's Amended Complaint for Reimbursement of Workers' Compensation Benefits (Docket No. 27), filed by Defendants Wolverine World Wide, Inc. and Sears, Roebuck and Co. ("Defendants") on April 13, 2015.  Plaintiff Kimco Staffing Services, Inc. ("Kimco") filed an Opposition to each of Defendants' Motions on April 20, 2015.  (Docket Nos. 31, 32).  Defendants filed a Reply on each Motion on April 27, 2015.  (Docket Nos. 33, 34). The Court has read and considered the papers filed on the matter and held a hearing on **May 11, 2015**.

For the reasons stated below, the Court **GRANTS in part and DENIES in part** the Motion to Dismiss *with leave to amend*, and **DENIES** Defendants' Motion to Strike.

---

**CIVIL MINUTES—GENERAL**                                                                1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-09880-MWF (JPRx)			Date:  May 11, 2015
Title:	Kimco Staffing Services, Inc. -v- Wolverine World Wide, Inc., et al.

## I. BACKGROUND

On January 29, 2014, Kimco filed a Complaint against Defendants in the San Bernardino County Superior Court.  (Docket No. 1-1).  The Complaint sought reimbursement of workers' compensation benefits under California Labor Code section 3852.  (*Id.*).  Within thirty days of learning that the amount in controversy was greater than $75,000, Defendants removed the case to this Court.  (Docket No. 1).  On February 9, 2015, the Court granted Defendants' first motion to dismiss (the "February 9 Order"), explaining that California Labor Code section 3852 does not create a claim under which Defendants can be liable, and concluding that Kimco had failed to clearly establish which substantive theories of tort liability it was asserting.  (Docket No. 21).

On March 6, 2015, Kimco filed its First Amended Complaint ("FAC").  (Docket No. 22).  Kimco still seeks reimbursement of workers' compensation benefits, but this time identifies five underlying theories of tort liability against Defendants: (1) design defect, (2) manufacturing defect, (3) strict liability failure to warn, (4) negligent failure to warn, and (5) negligence.  (*Id.*)

According to the FAC, Kimco is "an employment agency / labor broker whose business includes the temporary placement of its employees for service with other business entities."  (FAC ¶ 1).  On January 31, 2012, Kimco's employee Javier Zendejas was injured while providing general labor services to Ducommon Aerostructures, one of Kimco's partner entities.  (*Id.* ¶ 6).  Specifically, Zendejas "engaged in extensive periods of squatting, kneeling, and/or similar body movements while assisting in the placement of a metal plate in a piece of equipment identified as a CNC machine, while wearing a particular workboot, which resulted in excessive rubbing and/or other contact between the workboot and the right top foot of Zendejas, a diabetic, causing what was subsequently diagnosed to be, among other things, a necrotizing fasciitis to the right foot requiring hospitalization and surgical intervention, as well as other injuries."  (*Id.* ¶ 7).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-14-09880-MWF (JPRx) | Date: May 11, 2015 |
| Title: Kimco Staffing Services, Inc. -v- Wolverine World Wide, Inc., et al. | |

As a result of this injury, Kimco was "obligated . . . to pay workers' compensation benefits to Zendejas under the workers' compensation provisions of the California Labor Code." (*Id.* ¶ 6). Kimco now seeks reimbursement of these paid workers' compensation benefits from Defendants Wolverine World Wide, Inc. and Sears, Roebuck and Co. for their alleged torts giving rise to the injuries. The FAC states that Defendants "manufactured, assembled, designed, maintained, modified, serviced, leased, sold, and/or distributed" the work boot that Zendejas was wearing at the time of his injury. (*Id.* ¶ 8). Kimco seeks: (1) "all consequential and/or statutorily entitled damages in an amount according to proof at the time of trial"; (2) "all special and general damages for Zendejas from which Plaintiff is entitled to recover its own damages"; (3) "reasonable litigation expenses and reasonable attorney[']s fees"; (4) "all costs of suit herein incurred"; and (5) "such other and further relief as this Court may deem just and proper." (*Id.* at 8).

Defendants now move to dismiss the FAC in part or in its entirety, and to strike certain assertions in the FAC as to damages. (Docket Nos. 26, 27).

## II. MOTION TO DISMISS

In ruling on a Motion to Dismiss under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (holding that a plaintiff had plausibly stated that a label referring to a product containing no fruit juice as "fruit juice snacks" may be misleading to a reasonable consumer). However, the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. The Court, based on judicial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-09880-MWF (JPRx)          Date:  May 11, 2015
Title:    Kimco Staffing Services, Inc. -v- Wolverine World Wide, Inc., et al.

experience and common-sense, must determine whether a complaint plausibly states a claim for relief.  *Id.* at 679.

      The Court notes at the outset that Kimco has cured the deficiency the Court noted in its February 9 Order—namely, Kimco has identified five substantive claims against Defendants for strict liability design defect, manufacturing defect, strict liability failure to warn, negligent failure to warn, and negligence.  The Court therefore rejects Defendants' argument that Kimco cannot assert workers' compensation reimbursement under California Labor Code section 3852.  This statute creates standing for the employer to sue third parties allegedly responsible for the injuries of its employees, where it has paid compensation to the employee for those injuries.  Cal. Labor Code § 3852 ("Any employer who pays, or becomes obligated to pay compensation, . . . may likewise make a claim or bring an action against the third person.").  While this provision is procedural, not substantive, Kimco has in its FAC identified its substantive theories against Defendant.  *See Cnty. of San Diego v. Sanfax Corp.*, 19 Cal. 3d 862, 873–74, 140 Cal. Rptr. 638 (1977) ("[T]he substantive law which governs employer and employee actions is usually the general tort law.").

      The remaining question, then, it whether in stating its substantive claims, Kimco has met the pleading requirements of Rule 8(a)(2) and Rule 12(b)(6).  In its February 6 Order, the Court denied Defendants' request that the Court exercise its gatekeeping function and limit Plaintiff's tort theories to those based on design defect.  The Court rather instructed Plaintiff in amending its Complaint to allege only those claims it believed were proper under Rule 11.  The Court ultimately warned Defendants that "it is not inclined to limit Plaintiff's claims at this stage, where [Plaintiff] has clearly articulated the factual basis for Defendants' alleged tort.  This action may or may not be resolved on summary judgment, but its dismissal without leave to amend is quite unlikely."  (Feb. 6 Order at 5).  Nevertheless, Defendants have again moved to dismiss, and the Court now addresses the sufficiency of Kimco's claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-09880-MWF (JPRx)                Date:  May 11, 2015
Title:      Kimco Staffing Services, Inc. -v- Wolverine World Wide, Inc., et al.

### A. Design Defect

California recognizes strict liability for three types of product defects: design defects, manufacturing defects, and warning defects.  *Anderson v. Owens-Corning Fiberglass Co.*, 53 Cal. 3d 987, 995, 281 Cal. Rptr. 528 (1991); *Karlsson v. Ford Motor Co.*, 140 Cal. App. 4th 1202, 1208, 45 Cal. Rptr. 3d 265 (2006).

Under the "design defect" theory, a design is defective in one of two ways. *Soule v. General Motors Corp.*, 8 Cal. 4th 548, 566-67, 34 Cal. Rptr. 2d 607 (1994); *Karlsson*, 140 Cal. App. 4th at 1208.  First, under the "consumer expectations test," a product's design is defective if it has failed to perform as safely as its ordinary consumers would expect when used in an intended or reasonably foreseeable manner. *Karlsson*, 140 Cal. App. 4th at 1208; *Soule*, 8 Cal. 4th at 562.  "[T]he consumer expectations test is reserved for cases in which the everyday experience of the product's users permits a conclusion that the product's design violated minimum safety assumptions, and is thus defective regardless of expert opinion about the merits of the design."  *Soule*, 8 Cal. 4th at 567.  Second, under the "risk benefit test," a product's design is defective if the design embodies "excessive preventable danger," that is, the risk of danger inherent in the design outweighs the benefits of such design.  *Ford v. Polaris Industries, Inc.*, 139 Cal. App. 4th 755, 766, 43 Cal. Rptr. 3d 215 (2006); *Soule*, 8 Cal. 4th at 562.  A manufacturer is liable only when a defect in its product was a legal cause of the injury, that is, when the defect is a substantial factor in producing the injury.  *Soule*, 8 Cal. 4th at 572.

In other words, in order to plead liability under the "consumer expectation test," Kimco must show: (1) that each of the Defendants manufactured, distributed, and/or sold the subject product; (2) that the subject product did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way; and (3) that the subject product's purported failure to perform safely was a substantial factor in causing Plaintiff's harm. Alternatively, under the "risk benefit test" Kimco must show: (1) that each of the Defendants manufactured, distributed, and/or sold the subject product; (2) that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-14-09880-MWF (JPRx)**         **Date:  May 11, 2015**
**Title:**     Kimco Staffing Services, Inc. -*v*- Wolverine World Wide, Inc., et al.

subject product was designed in a defective manner; and (3) that the product's defect/failure to perform safely was a substantial factor in causing Plaintiff's alleged harm.  CACI Nos. 1203, 1204; *Chavez v. Glock, Inc.*, 207 Cal. App. 4th 1283, 1303 (2012).

 The Court concludes that Kimco has met its burden to establish the required elements.  In the FAC, Kimco explains that the work boot at issue in the litigation, "was manufactured, assembled, designed, maintained, modified, serviced, leased, sold, and/or distributed by defendants," and that "said workboot was defective in its design *in that the workboot lacked an adequate shank, used in workboots to provide sufficient structure for the boot to perform its protective function for use in certain work environments*, including the type of work environment Zendejas was performing in at the time of his injury herein alleged."  (FAC ¶ 8) (emphasis added).  Moreover, Kimco adds that "[b]ecause of the absence of an adequate shank or other supportive structure as herein alleged, the workboot failed to perform as safely as an ordinary consumer like Zendejas would expect while using the boot in an intended or reasonably foreseeable way, as was Zendejas at the time of his injury, by causing excessive rubbing and or other contact as herein alleged."  (*Id.* ¶ 9).  Kimco has thus provided factual details "*describ[ing] how* the [product] failed to meet the minimum safety expectations of an ordinary consumer," and "*explain[ing] how* the particular design of the [product] caused [plaintiff] harm."  *Lucas v. City of Visalia*, 726 F. Supp. 2d 1149, 1154 (E.D. Cal. 2010) (emphasis in original).  Namely, that the work boot in question lacked an "adequate shank" that is a necessary component of a work boot intended to be used in certain work settings.

 Additionally, Kimco asserts the final element, explaining that "[t]he design of the workboot without such an adequate shank and/or other supportive structure resulted in the excessive rubbing and/or other contact with Zendejas' foot as herein alleged, such that the design of the workboot without an adequate shank or other supportive structure was thereby a substantial factor in the cause of the injury herein alleged."  (FAC ¶ 8).  Again, Kimco has provided details of its theory of causation.  While there may be other causal factors involving the infection that may ultimately be a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-09880-MWF (JPRx)					Date:  May 11, 2015
Title:	Kimco Staffing Services, Inc. -v- Wolverine World Wide, Inc., et al.

superseding cause, such issue is not appropriately determined on a motion to dismiss. At this point, Kimco has adequately pleaded that the design of the work boot led to excessive rubbing that was a substantial cause in producing Zendejas' injuries.

Accordingly, the Court **DENIES** Defendants' Motion as to Kimco's first claim. Kimco has provided a short and plain statement of the claim showing that the pleader is entitled to relief such that opponents are given fair notice of the claims and the grounds upon which it rests. *See Tellabs, Inc. v. Makor Issues and Rights, Ltd.*, 551 U.S. 308, 318 (2007).

### B. Manufacturing Defect

"[A] defective product is one that differs from the manufacturer's intended result or from other ostensibly identical units of the same product line." *Barker v. Lull Eng'g Co.*, 20 Cal. 3d 413, 430, 143 Cal. Rptr. 225 (1978).  Under an alternate formulation of this test, "[a] manufacturing defect exists when an item is produced in a substandard condition." *McCabe v. Am. Honda Motor Co.*, 100 Cal. App. 4th 1111, 1120, 123 Cal. Rptr. 2d 303 (2002) (citing *Barker*).  To state a manufacturing defect claim, a plaintiff must "*identify* [or] *explain how* the [product] either deviated from [defendants'] intended result [or] design or *how* the [product] deviated from other seemingly identical . . . models." *Lucas*, 726 F. Supp. 2d at 1155.

Kimco asserts in the FAC that "the workboot alleged herein was defective in its manufacture in that said work boot differed from the manufacturer's design or specifications or from other typical units of the same product line, with respect to those elements of the workboot required for the workboot to provide adequate structural and protective support, including an adequate shank, so as to avoid the excessive rubbing and/or other contact with Zendejas' foot," which was "a substantial factor in causing the injuries to Zendejas."  (FAC ¶ 13).  As above, Kimco has done more than simply assert the elements of the claim; rather, it has provided a factual proposition—that the work boot differed from the manufacturer's design or specifications with respect to those elements of the work boot required for the work boot to provide adequate

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-09880-MWF (JPRx)          Date:  May 11, 2015
Title:     Kimco Staffing Services, Inc. -v- Wolverine World Wide, Inc., et al.

structural and protective support—from which one can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

At the hearing, Defendants' counsel argued that Plaintiff cannot proceed on both its design defect and manufacturing defect claims, as the two are inconsistent. While this may be true at a later stage in the case, the Court declines to foreclose certain theories at the pleading stage, before Plaintiff has had the opportunity to conduct discovery to determine if the alleged deficiencies in the work boot stem from the design or the manufacturing.

The Court thereby **DENIES** Defendants' Motion as to Kimco's second claim for manufacturing defect. Federal pleading standards set forth minimum requirements for giving the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Plaintiff has clearly done so here. Again, any issues of superseding cause are factual issues better left for a motion for summary judgment.

### C.     Failure to Warn

Kimco asserts both a strict liability failure to warn claim and a negligent failure to warn claim. A manufacturer may be held strictly liable where its product has a "warning defect," that is, an inadequate warning or a failure to warn. *Anderson*, 53 Cal. 3d at 995. Manufacturers are strictly liable for injuries caused by their failure to warn of known or reasonably scientifically knowable dangers at the time they manufactured and distributed their product. *Johnson v. Am. Standard, Inc.*, 43 Cal. 4th 56, 64, 74 Cal. Rptr. 3d 108 (2008). However, a manufacturer is not required to warn "against every conceivable" risk associated with the use of its product, and it is "necessary to weigh the degree of danger involved when determining whether a warning defect exists." *Wright v. Stang Mfg., Co.*, 54 Cal. App. 4th 1218, 1230, 63 Cal. Rptr. 2d 422 (1997). Liability for a warning defect "does not attach if the dangerous propensity is either obvious or known to the injured person at the time he uses the product." *Burke v. Almaden Vineyards, Inc.*, 86 Cal. App. 3d 768, 772, 150 Cal. Rptr. 419 (1978). Further, a manufacturer is liable only when a defect in its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-09880-MWF (JPRx)     Date:  May 11, 2015
Title:     Kimco Staffing Services, Inc. -v- Wolverine World Wide, Inc., et al.

product was a legal cause of injury, that is, when the defect is a substantial factor in producing the injury.  *Soule*, 8 Cal. 4th at 572.

"[F]ailure to warn in strict liability differs markedly from failure to warn in the negligence context."  *Carlin v. Superior Court*, 13 Cal. 4th 1104, 1112, 56 Cal. Rptr. 2d 162 (1996).  Under a negligence theory, the "manufacturer has a duty to use reasonable care to give warning of the dangerous condition of the product or of facts which make it likely to be dangerous to those whom he should expect to use the product or be endangered by its probable use, if the manufacturer has reason to believe that they will not realize its dangerous condition."  *Artiglio v. General Elec. Co.*, 61 Cal. App. 4th 830, 835, 71 Cal. Rptr. 2d 817 (1998).  In other words, "[n]egligence law in a failure-to-warn case requires a plaintiff to prove that a manufacturer or distributor did not warn of a particular risk for reasons which fell below the acceptable standard of care, i.e., what a reasonably prudent manufacturer would have known and warned about."  *Carlin*, 13 Cal. 4th at 1112.  Again, however, a manufacturer is under no duty to warn against obvious or generally known or recognized dangers.  *See Krawitz v. Rusch*, 209 Cal. App. 3d 957, 966, 257 Cal. Rptr. 610 (1989).

There are several problems with Kimco's failure to warn claims:

*First*, the risk of rubbing from shoes or work boots is a generally known or obvious risk, and thus, there is no requirement that a shoe manufacturer warn of this possibility.

*Second*, to the extent Kimco is arguing the risk here was of an infection involving a flesh-eating disease, rather than the risk of rubbing itself, there is no duty to warn, as there is no duty to warn of the possibility of rare, idiosyncratic, or unusual reactions to an otherwise useful product.  *Friedman v. Merck & Co.*, 107 Cal. App. 4th 454, 466 (2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-09880-MWF (JPRx)           Date:  May 11, 2015
Title:     Kimco Staffing Services, Inc. -v- Wolverine World Wide, Inc., et al.

*Third*, Kimco has provided only a conclusory allegation that Defendants "knew or should have known" of the risk of excessive rubbing from the work boot, without providing any reasons to make that claim plausible under *Twombly* and *Iqbal*.

Accordingly, the Court **GRANTS** Defendants' Motion as to Kimco's third and fourth claims for relief.

### D.   Negligence

Fifth and finally, Kimco asserts a claim for negligence.  Under California law, the elements of a cause of action for negligence are "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury."  *Ladd v. Cnty. of San Mateo*, 12 Cal. 4th 913, 917, 50 Cal. Rptr. 2d 309 (1996) (internal quotation marks omitted).  The Court concludes that Kimco has met its pleading burden on this claim:  Kimco asserts that "a manufacturer or distributor has a duty of care to a consumer who might buy its product, and that selling such a product which is defective, and which therefore cause[s] harm to the consumer, is a breach of that duty of care."  (Reply on MTD at 9).  Moreover, as explained above, Kimco has provided sufficient detail to put Defendants on notice as to the defect alleged here—namely, the lack of an adequate shank, which leads to excessive rubbing.  Finally, Kimco has asserted that this defect was a substantial cause of Zendejas' injury.

Accordingly, the Court **DENIES** Defendants' Motion to Dismiss on the fifth claim.

## III.   MOTION TO STRIKE

Defendants also seek to strike several items from the FAC under Federal Rule of Civil Procedure 12(f), including: references to reasonable litigation expenses and reasonable attorney's fees, and consequential damages.  Defendants argue that "Plaintiff's claims or causes of action do not support a recovery of consequential

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-09880-MWF (JPRx)           Date:  May 11, 2015
Title:     Kimco Staffing Services, Inc. -v- Wolverine World Wide, Inc., et al.

damages and attorney['s] fees, as there is no right to recovery of the same against Defendants."  (Mot. to Strike at 3).

Under Ninth Circuit precedent a motion to strike is not the appropriate vehicle to challenge the sufficiency of allegations of damages, as it does not challenge the sufficiency of a defense, nor pleadings that are redundant, immaterial, impertinent, or scandalous.  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-75 (9th Cir. 2010) (holding that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law).  The Court will, however, treat the Motion to Strike as one to dismiss under Rule 12(b)(6).

On the merits, the Court **DENIES** Defendants' motion to dismiss as to damages, as the issue is not one of substance, but of semantics.  The parties agree that Plaintiff will be limited in its recovery of damages by the language of the reimbursement statute, California Labor Code section 3856(a).  Under this provision, with respect to a workers compensation reimbursement action being pursued by an employer without the participation of the employee, the employer is required to place in evidence for the trier of fact the damages incurred by the employee, with those damages then found by the trier of fact to be dispersed not only to the employer for the reimbursement of the workers' compensation benefits the employer has paid, but also to the employer for the fees and expenses incurred in proving those damages, with the remaining amount then paid to the employee.  *See, e.g.*, *Sanfax*, 19 Cal. App. 3d at 873-74.  Therefore, Plaintiff has a right to collect its reasonable attorney's fees and expenses from the trier of fact's award of damages. As the parties agree that this is the proper procedure for establishing damages in any future trial, the Court sees no need to dismiss the request for attorney's fees as made in the FAC.

Similarly, Plaintiff clarifies in its Opposition to the Motion to Strike that "[i]n alleging in its prayer [], that Plaintiff is entitled to 'consequential damages,' Plaintiff is in fact simply requesting all tortious damages caused by Defendants, including damages to Mr. Zendejas, as allowed by Civil Code section 3333."  (Opp. to Mot. to Strike at 6).  As it is not in dispute that Plaintiff can pursue damages to the extent

---

**CIVIL MINUTES—GENERAL**                                              11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-14-09880-MWF (JPRx)			**Date:**  May 11, 2015
**Title:**	Kimco Staffing Services, Inc. -v- Wolverine World Wide, Inc., et al.

allowable under Civil Code section 3333, the motion to dismiss on this issue is again denied.

## IV.	CONCLUSION

For the reasons stated above, the Court **GRANTS in part and DENIES in part** Defendants' Motion to Dismiss (Docket No. 26), and **DENIES** Defendants' Motion to Strike Portions of Plaintiff's FAC, interpreted by the Court as motion to dismiss under Rule 12(b)(6) (Docket No. 27).  Plaintiff shall have 14 days from the date of this Order to file a Second Amended Complaint.  Defendants shall have 21 days to respond to the Second Amended Complaint.  If a Second Amended Complaint is not filed by that deadline, the action shall proceed on the basis of the FAC.  Defendants shall have 28 days from the date of this Order to file an Answer to the FAC.

IT IS SO ORDERED.